United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

06-60788

CATHY B. COOK,

Plaintiff-Appellant,

Versus

MISSISSIPPI DEPARTMENT OF HUMAN SERVICES

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:04-CV-27-D-B

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PER CURIAM:[*]

The Appellant, Cathy B. Cook ("Cook"), filed a Title VII retaliation suit against her employer, the Mississippi Department of Human Services ("MDHS"). The district court granted summary judgment in favor of MDHS, explaining that Cook had not filed a timely charge with the Equal Employment Opportunity Commission ("EEOC"). Finding no error, we AFFIRM.

Cook is a white female who began her employment with MDHS in

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

1

1986. In the Fall of 2000, the position of Director of MDHS for Chickasaw County became available. Cook maintains that although she was more qualified for the position, the job was given to Samuel Buchanan ("Buchanan"), who Cook asserts is a less qualified black male. Buchanan began his employment as County Director on February 12, 2001.

Aggrieved that she did not receive the promotion, on March 16, 2001, Cook filed a charge with the EEOC alleging reverse race discrimination and stating that the alleged discrimination occurred on February 10, 2001. After filing the 2001 EEOC charge and subsequent lawsuit against MDHS, Cook asserts that Buchanan (who was now her boss) became vindictive and retaliatory towards her.

On November 13, 2003, Cook filed a second EEOC charge alleging retaliation. On the EEOC charge form, Cook entered "April 2001" and checked the box "continuing action" in the area denoting the "date discrimination took place." In the detailed narrative attached to the charge form, Cook alleged that she was forced to work overtime without compensation for over 19 months. She also complained that she had not been promoted to the job of "Supervisor," a position that had remained opened since June of 2000 and for which she had inquired about and was qualified.

The EEOC notified Cook that it was unable to investigate her November 13, 2003 charge because the charge was not filed within the time limit required by law. The EEOC explained that because

2

Cook's complaint indicated that the adverse action (the promotion denial and the uncompensated overtime) last occurred sometime in November 2002, Cook had 180 days following that date (approximately April of 2003) to file her charge, which she had failed to do.[1] Cook asked the EEOC to reconsider its determination, arguing that retaliation was ongoing because the Supervisor job for which she was qualified remained unfilled. The EEOC declined.

On January 23, 2004, Cook filed the instant suit against MDHS alleging race discrimination and retaliation. The district court agreed with the EEOC's conclusion that Cook's charge of retaliation was untimely and dismissed her suit.

We agree that Cook's November 2003 EEOC charge was untimely. While Cook says the March 2001 start date for retaliation on her charge form was a clerical error, she offers no basis to excuse the error under principles of equitable tolling. Further, Cook's argument that her retaliation was ongoing because MDHS failed to promote her to the open Supervisor position is unavailing. MDHS did not seek applicants for the position and it was not filled. As a result, the supervisor job was never available such that Cook could be rejected.[2]

---

[1]See 42 U.S.C. § 2000e-5(e)(1) (Under Title VII, an aggrieved employee has 180 days to "timely" file a charge with the EEOC).

[2]See Thomas v. Tex Dep't of Criminal Justice, 220 F.3d 389, 394 & n.2 (5th Cir. 2000) (failure to promote is an adverse employment action).

Because the district court correctly concluded that Cook failed to file a timely EEOC charge, the judgment of the district court is AFFIRMED.